IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY MENTHU EL,

     Plaintiff,

v.                                 Case No. 1:16-cv-367-MW-GRJ

MARK MOSELEY, et al.,

     Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

Pending before this Court is ECF No. 1, Plaintiff's *pro se* complaint. In Plaintiff's complaint, which he failed to file on the proper court-approved form for *pro se* non-prisoner litigants, he purports to raise claims against Judge Mark Moseley, the State of Florida, the State Attorney's Office, and David Byron relating to Plaintiff's pending state criminal case, 1-2016-CF-000579-A.[1] Although the Court normally allows *pro se* plaintiffs to amend to correct deficiencies in their filings,[2] there is no reason to do so in this instance because Plaintiff is attempting to challenge actions in a pending state court criminal case. Instead, for the reasons discussed below, the

_____

[1] In Plaintiff's criminal case, his name is listed as Anthony Frederick White.

[2] In addition to failing to file on the proper form, Plaintiff also failed to either pay the filing fee or file a motion to proceed as a pauper.

Court respectfully recommends that this case should be dismissed.

## I. DISCUSSION

While there is an unintelligible basis for Plaintiff's claims,[3] he appears to take issue with decisions made by the judge in his pending state court case. (ECF No. 1.) As a result, Plaintiff requests that the Court discontinue the charges brought against him in state court and order that these charges, if pursued, be brought against him in federal court. (*Id.*)

Under *Younger v. Harris*, the Court is barred from hearing this claim regarding Plaintiff's pending state court case. 401 U.S. 37, 41, 45 (1971) (describing "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances" and noting that "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions"). "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Id.* at 43. Because Plaintiff has

---

[3] Although Plaintiff includes a lengthy list of treaties, declarations, and amendments to the U.S. Constitution, it is unclear how any of these are related to his allegations or provide Plaintiff with a basis for his requested relief.

not shown that any exception is present in this case,[4] the Court has no

authority to grant the relief that Plaintiff requests.

## II. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Plaintiff's complaint, ECF No. 1, should be **DISMISSED without prejudice** and the Clerk should be directed to close the file.

**IN CHAMBERS** this 15th day of December, 2016.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

---

[4] One such exception that may allow for interference by a federal court in a state court proceeding is if there is a showing of irreparable injury. *Younger*, 401 U.S. at 46. Notably, however, "in view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is 'both great and immediate.'" *Id.* (quoting *Fenner v. Boykin*, 271 U.S. 240, 243 (1926)). Plaintiff has failed to allege that he would suffer any irreparable injury if the Court does not intervene in his pending state court case.